**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MY ENTERTAINMENT, LLC** | § | |
| **d/b/a PARADISE CITY** | § | **Case No. _____** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **CITY OF HOUSTON** | § | |
| | § | |
| **Defendant.** | | |

**COMPLAINT**

**COMES NOW, MY ENTERTAINMENT, LLC d/b/a PARADISE CITY** ("Plaintiff")
in the above-entitled cause, and files this Complaint against the City of Houston ("Defendant" or
"City"), and in support states as follows:

**SUMMARY OF THE ACTION**

1.      At its core, this case is about fairness and equal application of the law.  It is
incontrovertible that the actions taken by the City against the Plaintiff – a lawful business formed
to operate an adult entertainment style club – are unwarranted, unfair, and in direct violation of
numerous fundamental laws and public policies, including the freedom to conduct business on a
fair and equitable basis with other adult entertainment establishments. The City has unlawfully
permitted only a select handful of adult entertainment establishments the right to operate their
businesses in complete immunity from certain City ordinances.  This fact causes direct and
immediate harm to Plaintiff.  Plaintiff has attempted to operate its establishment as a "bikini"
club. Plaintiff does not allow its entertainers to expose any anatomical areas of their bodies
prohibited by other City of Houston sexually oriented business ordinances or the criminal
statutes of the State of Texas.  Plaintiff requires that its entertainers both cover their breasts with

an opaque latex material and wear a bikini top in an effort to avoid accidental exposure during the course of the entertainers' performances.  The adult entertainment establishments that have been allowed the opportunity by the City of Houston to pay a fee in order to circumvent the existing ordinances prohibiting the exposure of breasts and buttocks have a significant advantage to lure the customer seeking that type of entertainment.

2.      In or about November 2013, as a result of prior litigation between the City and multiple adult entertainment establishments regarding the City's laws, the City and approximately sixteen adult entertainment establishments ("the Clubs") entered into a settlement agreement ("the Agreement").  This Agreement became effective on January 1, 2014.

3.      The Agreement between the City and the Clubs provides for the suspension of enforcement of provisions of Chapter 28 of the Houston Code of Ordinances regarding sexually-oriented businesses, solely with respect to the select group of Clubs.  These ordinances would otherwise be enforceable as a result of over 10 years of litigation involving the ordinances.  In return for the Clubs' immunity from the ordinances, the Clubs annually pay the City nearly $50,000 in addition to a share of their liquor sales.  This scheme amounts to commercial bribery and violates both state and federal law.

4.      Fundamentally, the Agreement is unlawful, unfair, and anticompetitive in nature. The result is that the City's laws are selectively enforced against Plaintiff, while the select Clubs are simultaneously exempt from the *exact* same laws.  Thus, the Agreement violates the Sherman Act, as it amounts to an anticompetitive restraint of trade, and the Clayton Act, and the Robinson-Patman Act.  The Agreement also violates the United States Constitution, as it denies the due process and equal protection clauses by enforcing the law only against the establishments that are not parties to the Agreement.

5.      As a specific and immediate result of the Agreement, Plaintiff's business has suffered and will continue to suffer greatly, all while Plaintiff's direct competitors generate business and financial gain from otherwise unlawful activity.  For example, the Agreement allows for the select Clubs, which are direct competitors of Plaintiff in the same market, to offer topless lap dances without regard to the City's "no touch" and "three feet" rules.  These types of dances are otherwise in clear violation of the City's law.   As such, this is an unfair and unlawful application of the City's laws.

6.      Moreover, although the Agreement appears to disallow the operation of VIP rooms for private dances, which are blatantly in violation of city law, Clubs in the Agreement have been permitted to offer such services free from punishment.

7.      Therefore, Plaintiff has and will continue to lose business as a result of this unlawful scheme and its business could potentially become unsustainable.  Plaintiff hereby seeks declaratory relief, as well as monetary damages, both actual and treble, costs, and attorney's fees.

## PARTIES

8.      Plaintiff is a Texas Limited Liability Company with its principal place of business located in Harris County, Texas.

9.      Defendant is the municipality of the City of Houston in the State of Texas.

## JURISDICTION AND VENUE

10.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.  This Court has jurisdiction over the federal antitrust claims herein under 15 U.S.C. §§1 and 15(a). This Court also has jurisdiction in accordance with 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57 to issue declaratory relief.  This Court also has original jurisdiction under 28 U.S.C. §1343(a)(3), as some causes of action herein are asserted under 42 U.S.C. §1983 for the

reparation of deprivation under color of state law, of any right, privilege, or immunity protected by the Constitution of the United States or by any Act of Congress which provides for equal rights of citizens or persons within the jurisdiction of the United States.  This Court may also exercise supplemental jurisdiction over any state law claims herein under 28 U.S.C. §1367(a), as those claims "are so related to" the claims for which this Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution" 28 U.S.C. §1367(a).

11.     Venue is also proper in this Court, as Defendant resides in the State of Texas and is found in this judicial district. *See* 28 U.S.C. §1391(b).  The events giving rise to the claims and causes of action herein also occurred in this judicial district. *Id.*

## FACTUAL ALLEGATIONS

### A.     Dispute Between the Clubs and the City, and the Resulting Settlement Agreement

12.     Upon information and belief, the City and certain Clubs were involved in a dispute regarding the application of certain City ordinances, relating to the provision of adult entertainment ("Adult Entertainment").  The relevant ordinances at issue are located in Chapter 28 of the Houston Code of Ordinances.  Specifically, Article VIII §28-258(a) makes it unlawful for any entertainers to touch customers or customers' clothing while entertaining.  Subsection (b) of Article VIII §28-258 makes it unlawful for an entertainer to approach a customer at a distance of less the three feet while entertaining.

13.     Additionally, other key ordinances relating to Adult Entertainment businesses include: (1) Article XI §28-322 imposes a $5 tax on all customers who enter adult entertainment establishments; (2) Article III §28-125 sets forth requirements for the distance that adult entertainment establishments must be from certain community buildings (1500 and 1000 feet distances); and  (3)  Article III §28-122 requires a permit for the enterprise for the adult entertainment establishment, and Article XIII §28-253 requires managers and entertainers to have permits.

14.     On or about November 27, 2013, the City entered into a settlement Agreement with the Clubs in order to resolve the outstanding and ongoing litigation.  The Agreement became effective on January 1, 2014. Fantasy Plaza, as well as several other clubs, have recently settled its case with the City and entered into a similar agreement.  The Agreement provides that payments from the Clubs to the City go into an account named the "Human Trafficking Abatement Funds."

15.     Upon information and belief, the Agreement between the City and the Clubs provides for the suspension of the above-listed enforcement of provisions of Chapter 28 of the Houston Code of Ordinances regarding sexually oriented businesses with respect to the specific group of Clubs that signed onto the Agreement.  These City laws would otherwise be fully enforceable against the Clubs.  In exchange for the Clubs' immunity from these ordinances, the Clubs pay the City approximately $50,000 dollars per year, as well as an annual percentage of their liquor sales.  This scheme amounts to commercial bribery and it violates both state and federal law. *See* Texas Penal Code §36.02(a) and the Robin-Patman Act, 15 U.S.C. §13.

**B.     Direct Harm and Failure of Due Process to Plaintiff**

16.     Plaintiff is a business entity formed to operate an Adult Entertainment type of business, however, without the display of human anatomy prohibited by Defendant's ordinances, and Plaintiff is in direct competition with the Clubs that are unfair beneficiaries of the exemptions included in the Agreement.  Unless Plaintiff is allowed to join the Agreement with Defendant, Plaintiff is harmed and will continue to be significantly harmed because its competitors are not subject to enforcement of the City ordinances.  Among other things, this unlawful arrangement between the City and the Clubs will cause harm to Plaintiff's finances, customer reputation, and good will in its industry.  Accordingly, Plaintiff is hereby forced to bring this suit.

17.     The Agreement is unlawful, unfair, and anticompetitive in nature.  The result is that the laws are selectively enforced against Plaintiff as evidenced by a lawsuit brought against Plaintiff by the City in a Harris County District Court wherein the City alleged a prior operator

of the location now operated by Plaintiff had created a public nuisance.  Once the City was satisfied that Plaintiff had taken adequate and appropriate steps to prevent the occurrence of the activities the City alleged created the nuisance, the mission of the City turned to enforcing compliance with its sexually oriented business ordinances.  The City's operations took it outside the scope of the City's sexually oriented business ordinances; however, the City now wants to mandate compliance on the part of Plaintiff while at the same time it has allowed the clubs that are party to the Agreement to circumvent compliance.  But for the Agreement, the parties to the Agreement would be in the exact position in which Plaintiff currently finds itself.  Thus, the Agreement amounts to an anticompetitive restraint of trade.  The Agreement also violates the United States Constitution's due process and equal protection clauses by enforcing the laws only against those clubs that are not parties to the Agreement.

18.     As a result of the Agreement, Plaintiff's business suffers greatly and will continue to suffer greatly.  The Clubs party to the Agreement are direct competitors of Plaintiff—only with a significant advantage: Only those specific Clubs that are party to the Agreement offer topless lap dances.  Therefore, Plaintiff loses and will continue to lose a considerable amount of business as a result of this unlawful and one-sided scheme and could potentially become unsustainable, because it cannot offer the same services under the same rules as the Clubs party to the Agreement.

19.     Plaintiff hereby seeks monetary damages, both actual and treble, costs, and attorney's fees, in order to stop the irreparable harm to which it has been subject as a result of the Agreement.  Plaintiff also hereby seeks declaratory relief as to the Agreement as it amount to an unlawful hindrance in restraint of trade and an illegal commercial bribery system.

## CAUSES OF ACTION

20.     Plaintiff hereby realleges and incorporates by reference herein the allegations set forth in the preceding paragraphs of this Complaint.

**COUNT I:**
**CONTRACT, COMBINATION, AND CONSPIRACY IN RESTRAINT OF TRADE IN**
**VIOLATION OF 15 U.S.C. §1**

21.     15 U.S.C. §1 makes "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations […] illegal." 15 U.S.C. §1.  The Agreement between the City and the Clubs is a contract and conspiracy in restraint of trade or commerce.  The Agreement permits only specifically selected Clubs to offer topless lap dancing and prohibits their competitors, such as Plaintiff, from offering the same services.  The Agreement prevents fair competition in the Adult Entertainment market, putting Plaintiff, a non-party club, at a severe competitive disadvantage.

22.     In return for their immunity from the City ordinances otherwise applicable to sexually oriented businesses, the Clubs agreed to each pay nearly $50,000 annually to the City, in addition to paying the City a portion of each Club's liquor sales annually, ostensibly to be used by the City to combat human trafficking.

23.     The Clubs and the City conspired to exclude businesses like Plaintiff and the other non-party clubs from the Agreement.  The Agreement provided a lucrative incentive to the Clubs, since the Clubs would have the exclusive right to offer topless dancing entertainment, thus making them more profitable than their competitors, like Plaintiff.  The Agreement also provided a lucrative reason for the City to contract with the Clubs.  Per the Agreement, there is a great financial benefit conferred upon the City from the annual fee paid by the Clubs as well as the City's share of the Clubs' alcohol sales.

24.     The Agreement, which excludes Plaintiff and other non-party clubs from the benefits conferred upon the Clubs that are parties to the Agreement, is an unlawful restraint on trade and it violates federal antitrust law.  It also amounts to a scheme of commercial bribery. The purpose of the Agreement is to reduce competition by allowing only a select group of clubs to offer select profitable services and to forego the per customer tax, thus putting that group of Clubs at a dominant competitive advantage as compared to Plaintiff and the other non-party clubs in the Adult Entertainment market in Houston.

25.     The City's motive for entering into the Agreement was to make a large profit in exchange for giving the select Clubs a license exempting them from City ordinances.  This unduly burdens interstate commerce for live Adult Entertainment businesses and unduly burdens competition in Houston's live Adult Entertainment market for no legitimate public purpose.  Houston is a major tourist and business destination, and customers and potential customers of Plaintiff and other live Adult Entertainment clubs are often in Houston as a result of their traveling in interstate commerce.  Thus, the Agreement has substantial adverse effect on interstate commerce.  Some of the entertainers even travel in interstate commerce throughout the year, working at different adult entertainment establishments across the country.

26.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of the Agreement.

## COUNT II:
## HORIZONTAL GROUP BOYCOTT IN VIOLATION OF SHERMAN ANTITRUST ACT

27.     The Clubs party to the Agreement are horizontal competitors of Plaintiff.  The Agreement is illegal and in violation of the Sherman Antitrust Act, 15 U.S.C.  §1, as a horizontal agreement among and between the Clubs and the City.  The Agreement is a group boycott by the City and the Clubs, excluding Plaintiff, and other non-party clubs from the competitive market.

28.     The Agreement is a per se unlawful group boycott.  The City and The Clubs effectively control access to the live Adult Entertainment market by exempting the Clubs from City ordinances, which diminishes competition in the relevant market and puts the Clubs in a dominant position in the live Adult Entertainment market.  The Agreement bestows upon the Clubs the exclusive right to offer topless lap dances and exempts them from the per person tax, which diminishes Plaintiff's and non-party clubs' ability to effectively compete.  Finally, the Agreement has no legitimate business purpose for doing so. *See Hahn v. Oregon Physicians' Service,* 868 F.2d 1022, 1030 (9th Cir. 1988) citing *Northwest Wholesale Stationers, Inc. v. Pacific Stationery and Printing Co.,* 472 U.S. 284, 285 (U.S. 1985).  Moreover, "[t]he per se rule is invoked when a challenged activity facially appears to be one that would always or almost

always tend to restrict competition and decrease output." *Hahn v. Oregon Physicians' Services,* 868 F2d at 1024. As explained more fully above, the Agreement absolutely restricts and hinders competition and decreases output.

29.     The City and the Clubs conspired together to exclude Plaintiff and the other non-party clubs from the Agreement which would exempt them from the City ordinances prohibiting topless dancing and requiring a five dollar per customer fee. This effectively denied Plaintiff and the non-party clubs access to the input necessary for them to viably compete and raised their costs relative to the Clubs.

30.     In the alternative, the Agreement constitutes a horizontal group boycott that violates the doctrine of the rule of reason. As set forth more fully above, the Agreement between and among the City and the Clubs is unlawful, as it is an unreasonable restraint on trade.

31.     The City possesses the sole monopoly authority to exempt clubs from City law, and it utilized this authority to elevate the Clubs to prime position in the live Adult Entertainment market.

## COUNT III:
## SUBSTANTIALLY LESSENING COMPETITION IN VIOLATION OF THE CLAYTON ACT, 15 U.S.C. §14

32.     The Agreement violates Section 3 of the Clayton Act, 15 U.S.C. §14 by substantially lessening competition.

33.     By allowing only sixteen select Clubs, which represent less than half (44%) of the adult entertainment establishments in Houston, to join the Agreement with the City, the Majority of Adult Entertainment establishments (56%) were excluded.

34.     Permitting only sixteen Clubs to be exempted from the City ordinances substantially decreased competition in the relevant market by limiting the number of establishments that can offer live topless lap dances and reducing Plaintiff's and the non-party clubs' ability to compete.

**COUNT IV:**
**UNLAWFUL EXCLUSIVE DEALING PURSUANT TO 15 U.S.C. §1**

35.     The Agreement is unlawful on grounds of unreasonable exclusive dealing pursuant to 15 U.S.C. §1, as the Agreement permitted exclusively the Clubs to be exempt from the City ordinances, but not Plaintiff and other clubs similarly situated.

36.     The expressly exclusionary Agreement substantially decreased competition in the relevant market by limiting the number of establishments that can offer live topless lap dances to select Clubs and by reducing Plaintiff's and the non-party clubs' ability to compete in the relevant market.

**COUNT V:**
**ESSENTIAL FACILITIES CLAIM, VIOLATION OF THE SHERMAN ACT**

37. The Agreement violates the essential facilities doctrine under the Sherman Act, 15 U.S.C. §2.  The City is a monopolist with the monopoly power to determine the Clubs which could partake in the Agreement and therefore the exemption from City ordinances.

38.     The facility—the exemption from the relevant laws—is essential for the ability to viably compete in the relevant market.

39.     The City controls who is exempt from its laws, and the City excluded Plaintiff from the Agreement, and thus, the exemption.

40.     It would have been practicable to permit Plaintiff and all non-party clubs to join the Agreement.  *See Dealer Computer Servs. v. Ford Motor Co.*, LEXIS 23327,*9 (U.S. Dist. Ct. S.D. TX—Houston Division 2006).

41.     The City has effectively excluded Plaintiff and the other non-party clubs from its Agreement with the original sixteen Clubs, and subsequently denied Plaintiff's request to enter into the Agreement.

### COUNT VI:
### VIOLATION OF ROBINSON-PATMAN ACT, UI.S.C. §13(C)

42.     The Agreement violates the Robinson-Patman Act, 15 U.S.C. §13(c), as it constitutes a commercial bribery scheme.

43.     The Agreement provides immunity from City ordinances to the Clubs paying the City a share of their alcohol sales. This is an improper and unlawful reason for the City to receive money, as it does not constitute "services rendered in connection with the sale or purchase of goods, wares, or merchandise."  The City has effectively sold the Clubs licenses to violate City ordinances.

44.     The Agreement has devastated Plaintiff's business as it cannot offer the same services that its competitors who are a party to the Agreement may offer.  These services are highly sought after by customers, and thus Plaintiff's ability to compete in the live Adult Entertainment market has been greatly diminished.

### COUNT VII:
### VIOLATION OF EQUAL PROTECTION CLAUSE

45.     The Agreement between the City and the Clubs is a policy of the City.  It exempts certain Clubs from City ordinances in exchange for money, but prohibits other direct competitor clubs, such as Plaintiff, from the same exemption.  The City has deprived Plaintiff of its rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution and civil rights statute 42 U.S.C. §1983.

46.     The City has no compelling, important, legitimate, or rational government interest in exempting some Clubs from City laws but denying the same exemption to others. Furthermore, the Agreement is unconstitutional as it unduly burdens Plaintiff and other non-party clubs, and the restraint is not rationally related to any legitimate governmental interest, nor is it necessary or narrowly tailored.

47.     The City's refusal to allow Plaintiff and other non-party clubs to join the Agreement is due to its aversion and hostility toward Plaintiff and the other non-party clubs, and it has no legitimate reason.

## COUNT VIII:
## VIOLATION OF CONSTITUTIONAL DUE PROCESS

48.     The Agreement violates both substantive and procedural due process under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

49.     The Agreement between the City and the Clubs constitutes a City policy.  It exempts certain select Clubs from City ordinances in exchange for money while prohibiting other competitor clubs, such as Plaintiff, from the same exemption.

50.     The licensing scheme created by the Agreement constitutes a deprivation of procedural due process rights for Plaintiff as a non-party to the Agreement.  Plaintiff was deprived of its rights without an evidentiary hearing.

51.     The City has no compelling, important, legitimate, or rational governmental interest in denying procedural due process protections to Plaintiff in refusing to grant Plaintiff the same exemptions as the Clubs.  The Agreement unduly burdens Plaintiff and other non-party clubs, and the restraint is not rationally related to any legitimate governmental interest, nor is it necessary or narrowly tailored.

52.     With respect to substantive due process, the Agreement and its licensing scheme allows a group of Adult Entertainment establishments to be exempt from City law in exchange for payment, but for no legitimate reason, the City refuses to grant the same right to other Adult Entertainment establishments in the same geographic location, such as Plaintiff.

53.     The City's refusal to include Plaintiff in its Agreement constitutes an abuse of power by a government.  The City even admitted that it meant to terminate the business of the non-party "rogue" clubs in a comment made by a former City Attorney for no legitimate reason except for animosity towards those clubs.

54.     The arbitrary and capricious manner in which the City implemented the Agreement and in which it enforces its laws is unconstitutional and it constitutes an unlawful licensing scheme that does not treat similarly situated businesses equally.

**COUNT IX:**
**DECLARATORY JUDGMENT**

55.     Under 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, Plaintiff seeks a declaratory judgment from this Court that the Agreement hinders competition and illegally restrains trade in violation of 15 U.S.C. §1 and 2, that it violates 15 U.S.C. §13(c), and Texas Penal Code §36.02(a) (as it amounts to an illegal scheme of commercial bribery), and that it (as well as the denial of Plaintiff's request to also be exempted from the city ordinances) constitutes a violation of Plaintiff's due process (procedural and substantive) and equal protection rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

56.     The arbitrary and capricious manner in which the City implemented the Agreement and in which it enforces its laws is unconstitutional and an unlawful licensing scheme that does not treat similarly situated businesses equally.

## DAMAGES AND OTHER RELIEF SOUGHT

57.     Plaintiff hereby realleges and incorporates by reference herein the allegations set forth in the preceding paragraphs of this Complaint.

58.     Plaintiff, upon information and belief, estimates that the total actual damages caused by the City's unlawful conduct described herein will exceed $100,000, inclusive of lost profits and lost business opportunities.

59.     Plaintiff is also entitled to treble damages as well as reasonable attorney's fees pursuant to 15 U.S.C. §15.

## CONDITIONS PRECEDENT

60.     Plaintiff hereby confirms that all conditions precedent to the filing of this lawsuit have been fulfilled or have occurred.

## PRAYER

For these reasons, Plaintiff, MY ENTERTAINMENT, LLC d/b/a PARADISE CITY, respectfully requests that the City be cited to answer and that judgment be entered against it and in favor of Plaintiff for actual and treble damages, any special and consequential damages, declaratory relief, pre-judgment and post-judgment interest, costs, attorney's fees, and any and all such other and further relief to which Plaintiff may be justly entitled to both at law and in equity.

Respectfully submitted,

By: */s/ Nelson T. Hensley*
     Nelson T. Hensley
     State Bar No. 09491300
     Federal Bar No. 5872
     Email: nthensley@nthensley.com
     2211 Norfolk St., Suite 211
     Houston, TX  77098
     Telephone: 713.850.9700
     Facsimile: 713.850.8538
     ATTORNEY IN CHARGE FOR PLAINTIFF,
     MY ENTERTAINMENT, LLC d/b/a
     PARADISE CITY

OF COUNSEL:

HENSLEY & KRUEGER, LLP
2211 Norfolk St., Suite 211
Houston, Texas 77098